1
2
3
4
5
6
7
8

9

**UNITED STATES DISTRICT COURT**

10

**DISTRICT OF NEVADA**

11 | UNITED STATES OF AMERICA,    )
                                 )

12 |                Plaintiff,       )

13 |        v.                    )     3:12-CV-122-LRH-(WGC)

14 | $32,000.00 IN UNITED STATES CURRENCY,)

15 |                Defendant.     )

16

<u>DEFAULT JUDGMENT OF FORFEITURE</u>

17        The United States filed a Verified Complaint for Forfeiture in Rem on March 7, 2012 (ECF

18 No. 3).  The Complaint (ECF No. 3) alleges the defendant property:

19               a.     was furnished or was intended to be furnished in exchange for controlled

20                          substances in violation of Title II of the Controlled Substances Act, 21 U.S.C.

21                          § 801, *et seq*., and is subject to forfeiture to the United States pursuant to 21

22                          U.S.C. § 881(a)(6);

23               b.     is proceeds traceable to exchanges of controlled substances in violation of Title

24                          II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., and is subject to

25                          forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

26 . . .

c.      was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

It appearing that process was fully issued in this action and returned according to law;

On April 24, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem (ECF Nos. 5 and 6).

Pursuant to the Order (ECF No. 5), the Complaint (ECF No. 3), the Order (ECF No. 5), the Summons and Warrant (ECF No. 6), and the Notice of Complaint for Forfeiture (ECF No. 7) were served on the defendant property, and the Notice was published according to law. Notice of Filing Proof of Publication, ECF No. 8.  All persons interested in the defendant property were required to file their claims with the Clerk of the Court within 30 days of the publication of the Notice or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims.  Complaint, ECF No. 1; Order, ECF No. 5; Summons and Warrant, ECF No. 6; Notice of Complaint, ECF No. 7; and Notice of Filing Proof of Publication, ECF No. 8.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from April 27, 2012, through May 26, 2012. ECF No. 8.

On April 24, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Service of Process, ECF No. 7.

On May 29, 2012, the Notice of Filing Proof of Publication was filed. Notice of Filing Proof of Publication, ECF No. 8.

On June 27, 2012, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Justin Thomas Johnson, and Order, regarding the $32,000.00 in United

2

1  States Currency.  Justin Thomas Johnson waived, among other things, service of process. Settlement
2  Agreement, Stipulation for Entry of Judgment of Forfeiture as to Justin Thomas Johnson, and Order,
3  ECF No. 9.

4     On June 29, 2012, the Court entered the Order granting the Settlement Agreement, Stipulation
5  for Entry of Judgment of Forfeiture as to Justin Thomas Johnson, and Order (ECF No. 10).

6     No other person or entity has filed a claim, answer, or responsive pleading within the time
7  permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

8     On September 17, 2012, the United States filed a Request for Entry of Default against the
9  defendant property and all persons or entities who claim an interest in the defendant property in the
10  above-entitled action.  Request for Entry of Default, ECF No. 12.

11     On September 18, 2012, the Clerk of the Court entered a Default against the defendant
12  property and all persons or entities who claim an interest in the defendant property in the above-
13  entitled action. Default, ECF No. 13.

14     Justin Thomas Johnson is not in the military service within the purview of the
15  Servicemembers Civil Relief Act. ECF No. 12-1, p. 4-6.

16     The allegations of the Complaint are sustained by the evidence and are adopted as findings
17  of fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested
18  in the Complaint.

19     NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that
20  Default Judgment of Forfeiture be entered against the defendant property and all persons or entities
21  who claim an interest in the defendant property in the above-entitled action.

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

1       IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the

2  same is hereby forfeited to the United States of America, and no right, title, or interest in the property

3  shall exist in any other party.

4       IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

5  cause for the seizure or arrest of the defendant property.

6

7   DATED this 7th day of December, 2012.

8

9                                              _____

10                                             LARRY R. HICKS
                                              UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4